# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51638

STATE OF IDAHO, )
                     )    Filed: March 17, 2025
     Plaintiff-Respondent, )
                     )    Melanie Gagnepain, Clerk
v. )
                     )    THIS IS AN UNPUBLISHED
NATHAN CHRISTOPHER GUMAER, )    OPINION AND SHALL NOT
                     )    BE CITED AS AUTHORITY
     Defendant-Appellant. )
                     )

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge.

Judgment of conviction and unified sentence of twenty-five years, with a minimum period of incarceration of ten years; order denying Idaho Criminal Rule 35 motion, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Elizabeth H. Estess, Deputy Attorney General, Boise, for respondent.

---

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

---

PER CURIAM

Nathan Christopher Gumaer pled guilty to sexual abuse of a minor child under sixteen years of age, Idaho Code § 18-1506. In exchange for his guilty plea, additional charges were dismissed. The district court imposed a unified sentence of twenty-five years, with a minimum period of incarceration of ten years. Gumaer filed an Idaho Criminal Rule 35 motion, which the district court denied. Gumaer appeals, contending that his sentence is excessive, specifically asserting the district court abused its discretion by not suspending his sentence and placing him on

1

probation, or alternatively, retaining jurisdiction, and that the district court abused its discretion by denying his Rule 35 motion.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). That discretion includes the trial court's decision regarding whether a defendant should be placed on probation and whether to retain jurisdiction. I.C. § 19-2601(3), (4); *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Gumaer's Rule 35 motion. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Gumaer's Rule 35 motion, we conclude no abuse of discretion has been shown.

Therefore, Gumaer's judgment of conviction and sentence, and the district court's order denying Gumaer's Rule 35 motion, are affirmed.